IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-597-GMS |
| | ) |
| THOMAS CARROLL, WARDEN and | ) |
| COUNSELOR DENNIS SPENCER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff David M. Williams ("Williams"), a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.      THE COMPLAINT**

Suit is brought against defendants Warden Thomas Carroll ("Warden Carroll") and Counselor Dennis Spencer ("Spencer"). Williams alleges that on March 25, 2004, he was placed in a cell with an HIV[1] positive inmate named Von Simpson ("Simpson"). He alleges that Simpson was bleeding and Williams was exposed to AIDS[2] when had to change Simpson's sheets that contained blood and fecal matter. Williams alleges that he "was sick" from constantly

---

[1]Human immunodeficiency virus; a retrovirus that causes AIDS by infecting helper T cells of the immune system. *Stedman's Medical Dictionary* 370 (2d ed. 2004).

[2]A severe immunological disorder caused by the retrovirus HIV, resulting in a defect in cell-mediated immune response that is manifested by increased susceptibility to opportunistic infections and to certain rare cancers. It is transmitted primarily by exposure to contaminated body fluids, especially blood and semen. *Stedman's Medical Dictionary* 25 (2d ed. 2004).

smelling the blood and fecal material. Williams requested to be moved from the cell, and he was moved from the cell four days later.

Williams also alleges that he was wrongly classified in the Greentree Program[3]. He alleges that he was to be sent from the D-Building program to the W-1 Building program, but instead he was sent to the V-Building program, a program he has already completed. He alleges that he was "housed in maximum security for nothing." While not altogether clear, it appears that Williams holds Spencer, a Greentree counselor, responsible for his wrongful placement. Williams alleges that Spencer signed his name on the application for the V-Building program. Williams further alleges that he did not give Spencer permission to "forge [his] name on the application." He alleges that the application must be signed by the inmate, not the counselor.

Williams asks to be reclassified to the W-1 Building. He also seeks compensatory damages for his placement in a cell with an inmate who has HIV.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

---

[3]DCC's drug rehabilitation program. *See Crist v. Lewis*, Civ. No. 96-165-SLR, 1999 WL 191562 (D.Del. 1999).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Conditions of Confinement

Williams has raised an Eighth Amendment claim by alleging that he was housed with an inmate who was HIV positive and who was bleeding. He sought to be moved to another cell, but it was four days before the move was made.

A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

3

The Supreme Court has recognized that exposure to contagious diseases may violate the Eighth Amendment if prison officials acting with deliberate indifference, expose a prisoner to a sufficiently substantial "risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Courts have generally held that confinement in the same cell as an HIV positive inmate does not violate the Eighth Amendment. *See Bolton v. Goord*, 992 F.Supp. 604, 628 (S.D.N.Y. 1998) (inmate not injured by exposure to HIV-positive inmate in double cell because HIV is not airborne or spread by casual contact); *see also, e.g., Glick v. Henderson*, 855 F.2d 536, 539 (8th Cir. 1998) (prison's failure to segregate inmates with HIV/AIDS did not violate Eighth Amendment); *Oladipupo v. Austin,* 104 F.Supp.2d 626, 635 (W.D.La. 2000) (same); *Deutsch v. Federal Bureau of Prisons*, 737 F.Supp. 261, 267 (S.D.N.Y.1990) (same).

In this case, Williams alleges not only that he was housed with an HIV inmate, but also that the inmate was bleeding. In such a situation it has been determined that an Eighth Amendment claim was stated. *See Massick v. North Cent. Corr. Facility,* 136 F.3d 580 (8th Cir.1998) (sharing cell with HIV-positive inmate who was bleeding could subject healthy inmate to substantial risk of harm). Williams has adequately alleged an Eighth Amendment violation, but as discussed below has not stated a claim against any individual. He will be given leave to amend his complaint regarding this alleged Eighth Amendment violation.

### B.     Pleading Deficiency

Even though Williams adequately alleged an Eighth Amendment violation, his pleading is deficient. Warden Carroll is listed as a defendant in the caption of the complaint and in the listing of parties, but the complaint fails to make any allegations against him. A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho*

4

v. *Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). As is apparent from his title, Warden Carroll holds a supervisory position, but it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Williams does not associate any of his allegations with Warden Carroll. Hence, it is not clear if Warden Carroll was personally involved or had any supervisory

liability for the alleged constitutional deprivations. Therefore, the claims against Warden Carroll are dismissed for failure to state a claim upon which relief may be granted.

C.  **Due Process**

Liberally construing the complaint, Williams alleges a violation of his right to due process because he was classified to an incorrect Greentree program when rather than being placed in the W-1 Building program, he was placed in the V-Building program. He alleges that wrongful classification was the result of Spencer forging his name on the application required to complete the Greentree program.

It is undisputed that inmates have no constitutional right to a specific housing assignment. *Sheehan v. Beyer*, 51 F.3d 1170, 1174 (3d Cir.1995) (noting that prisoners have no right to particular housing units). Indeed, it has been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976); *see also Lott v. Arroyo*, 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham*, 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). Moreover, neither Delaware law nor any other authority creates a liberty interest in the right to participate in a work or education program. *See James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir.1989).

The decision to place Williams in the V-Building program rather than the W-1 Building

is not violative of the Constitution. Therefore, as to these allegations Williams cannot state a claim upon which relief may be granted, and they are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV.  LAW LIBRARY ACCESS

Williams complains to the court that he has limited access to the law library to conduct research. (D.I. 4.) Persons convicted of serious crimes and confined to penal institutions retain the right of meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817 (1977). This access "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This right "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989) (quoting *Turner v. Safley,* 482 U.S. 78, 85 (1987). Thus, courts have been called upon to review the balance struck by prison officials between the penal institution's need to maintain security within its walls and the rights of prisoners. *Howard v. Snyder,* 389 F.Supp.2d 589, 593 (D.Del. 2005).

All that is required is that Williams have at least have access to a prison paralegal or paging system by which to obtain legal materials. *Abdul-Akbar v. Watson,* 4 F.3d 195, 203 (3d Cir.1993) (holding that segregated prisoners who do not have access to an institution's main law library must have some means by which documents and materials can be identified by and furnished to them in a timely fashion). By Williams' own admission, he is not being deprived of access to the law library. Rather, his access is limited. The court takes note of his complaint, but Williams' complaint does not warrant action by the court.

## V.  CONCLUSION

For the above stated reasons, the court finds that the Greentree program claim against Dennis Spencer lacks an arguable legal basis, and therefore, it is dismissed as frivolous. The claims against Warden Carroll, as currently plead, are factually and legally frivolous making their dismissal appropriate. Williams will be given leave to amend his Eighth Amendment claim. He is not given leave to amend the Greentree Program claim as amendment would be futile. An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 30, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-597-GMS |
| | ) |
| THOMAS CARROLL, WARDEN and | ) |
| COUNSELOR DENNIS SPENCER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30th day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. The claims against Thomas Carroll and Dennis Spencer are DISMISSED, and the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the complaint only as to the Eighth Amendment violation. Amendment of the Greentree program claim would be futile. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

UNITED STATES DISTRICT JUDGE