IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-597-GMS |
| | ) |
| THOMAS CARROLL, WARDEN, | ) |
| COUNSELOR DENNIS SPENCER, and | ) |
| STANLEY TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff David M. Williams ("Williams"), a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) Williams' original complaint was screened by the court pursuant to 28 U.S.C. § 1915 and § 1915A. (D.I. 9.) The order dismissed without prejudice the claims against Thomas Carroll and Dennis Spencer, and also dismissed without prejudice the complaint. Williams was given leave to amend the complaint only as to the Eighth Amendment conditions of confinement claim.

The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A. For the reasons discussed below, the amended complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.   THE AMENDED COMPLAINT**

Williams filed a document entitled "Motion to Amend." (D.I. 10.) The amended

complaint adds as a defendant Stanley Taylor. The pleading also contains case law relative to amendment of pleadings and Eighth Amendment conditions of confinement claims.

Williams specifically alleges that his cellmate, "Von Simpson", stated to another correctional officer that he "had HIV, and hepatitis, diabetes, and prostate cancer." (D.I. 10, ¶ 4.) Williams alleges that prison officials should have known that Von Simpson needed expert medical care inasmuch as Von Simpson "went to medical everyday" and took medication for his illnesses. *Id.* at ¶ 5. Williams alleges that the prison deliberately tried to infect him with HIV by placing him in a cell with a person who defecated HIV blood. He alleges this made him sick and weak and he could not move for hours.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.  ANALYSIS

As discussed in the court's order dated March 30, 2006, Williams raised an Eighth Amendment condition of confinement claim by alleging that he was housed with an inmate who was HIV positive and who was bleeding. (*See* D.I. 9.) *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Helling v. McKinney,* 509 U.S. 25, 35 (1993); *Hudson v. McMillian,* 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991); *Massick v. North Cent. Corr. Facility,* 136 F.3d 580 (8th Cir. 1998). However, in filing the amended complaint Williams did not cure his pleading deficiency. Williams was advised in the court's March 30, 2006 order that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In his amended complaint Williams added Stanley Taylor as a defendant. In the original complaint Warden Carroll is listed as a defendant in the caption and in the listing of parties. Nonetheless, neither the complaint or the amended complaint contain allegations against these two individuals.

It may be that Williams filed suit against Carroll and Taylor based upon their supervisory positions. In his complaint Williams refers to "the prison" and "prison officials." (D.I. 10, ¶ 5.) Both Warden Carroll and Commissioner Taylor hold supervisory positions, but it is well

established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Williams does not associate any of his allegations with Warden Carroll or Commissioner Taylor. Further, there are no allegations that Warden Carroll or Commissioner Taylor were the moving force behind the alleged constitutional violation or that they were deliberately indifferent to Williams' plight. Therefore, the claims against Warden Carroll and Taylor are dismissed for failure to state a claim upon which relief may be granted.

IV.   **CONCLUSION**

For the above stated reasons, the court finds that the amended complaint fails to state a

claim upon which relief may be granted. The claims as currently plead, are factually and legally frivolous making their dismissal appropriate. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____ 9 , 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civ. No. 05-597-GMS ) |
| THOMAS CARROLL, WARDEN, COUNSELOR DENNIS SPENCER, and STANLEY TAYLOR, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

At Wilmington this 9th day of August 2006, for the reasons set forth in the Memorandum issued this date, Williams' amended complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). The clerk of the court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE